# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES McCLELLAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | No. 08-3331-CV-S-JCE-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Plaintiff is appealing the final decision of the Secretary denying his application for disability insurance benefits under Title II of the Act, 42 U.S.C. § 401 et seq. and supplemental security income (SSI) benefits under Title XVI of the Act, 42 U.S.C. § 1381 et seq. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decisions of the Secretary. For the following reasons, the Secretary's decision will be affirmed.

### Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision if it is supported on

the record as a whole.  Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A).  Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990).  In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment.  Id.  Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled.  The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, observations by third parties,  and observations by treating and examining physicians as they relate to the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage, effectiveness, and side effects of medication, and functional restrictions.  Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).   When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski.  The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole.  Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

## Discussion

Plaintiff was 52 years old at the time of the hearing before the ALJ. He alleges disability due to emphysema and low back pain from arthritis. Plaintiff has a high school education. He has past relevant work as a welder, mechanic, farm worker, general construction worker, and truck driver.

At the hearing before the ALJ, plaintiff testified that most of his past work involved lifting as much as 100 pounds, and the job of working on farm implements as a welder/mechanic could require lifting as much as 200 pounds. He testified that he has a history of alcoholism, and was last hospitalized in 2005 for three months for treatment. He then spent three months in out-patient treatment, and continues to attend AA meetings. He quit his last job as a food service worker in a hospital because he could not push the carts and do the standing and bending over that the job required. Plaintiff testified that he has been diagnosed with emphysema, which affects his walking and his breathing. He stated that he smokes about half a pack of cigarettes a day. The doctors who have treated him at the VA hospital told him it was more important for him not to drink than to quit smoking. He has cut back on cigarettes and switched to a light brand. Plaintiff takes three different medications for his breathing problems. He also has back problems with constant pain in his lower back. This affects his sitting and standing. He has dull pain all the time, and some times has stabbing pain and numbness in his right leg. He takes medication for his back pain, and uses a heating pad. When the pain gets very severe, he will use the heating pad an average of twice a week. Plaintiff does not have a driver's license. He lives with his mother, but does not have to take care of her. He cooks simple meals for himself, does his own laundry, goes grocery shopping, and mows the lawn with a riding mower. He has

to take numerous breaks, and it takes him all day to cut the grass. He cannot walk more than two blocks because of his breathing problems and his back, and cannot stand or sit more than 30 minutes because of back pain. He thought he could lift a ten pound bag once or twice a day. During a normal day, he watches television lying down in his bedroom. Plaintiff testified that he has been diagnosed with an anxiety and bipolar disorder. He does not like being in crowds and has anxiety attacks, for which he takes medication. He gets very nervous, short of breath, and wants to avoid being around anyone. An attack can last from two to three hours or sometimes will last all day. An attack might occur twice a week, and sometimes he will go a couple of weeks without having one. Plaintiff attends AA meetings two or three times a week; he tries to go every chance he gets.

A vocational expert was presented with interrogatories after the hearing. Based on the hypothetical posed by the ALJ, the expert testified that plaintiff would not be able to perform his past relevant work, but that he could perform a limited range of light work. [Tr. 209-212]. In those interrogatories, the vocational expert was asked to assume that the hypothetical individual suffered from COPD and arthritis. The vocational expert found that all of plaintiff's past relevant work was at higher than the light level, and all of his past jobs exposed him to respiratory irritants. He concluded, however, that jobs such as cashier, sales attendant and fast food counter worker existed that are at the light exertional, unskilled level, which such an individual could perform.

The ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability, September 30, 2004. He further found that the medical evidence established that plaintiff suffers from: "chronic obstructive pulmonary disease, osteoarthritis of

the lumbar spine, and degenerative joint disease of the cervical spine. . . ." [Tr. 15]. It was his finding that plaintiff's history of alcohol abuse/addiction was not material to this case. Specifically, he found that plaintiff's "medically determinable mental impairments of depression and history of alcohol dependency, considered singly and in combination, do not cause more than minimal limitation in [his] ability to perform basic mental work activities and are therefore nonsevere." [Tr. 17]. He further found that plaintiff was only partially credible. It was the finding of the ALJ that plaintiff is not capable of performing his past relevant work, but that he can perform a limited range of light work, such as cashier, sales attendant, or fast food counter worker. Therefore, it was the ALJ's finding that plaintiff is not under a disability.

The ALJ found that plaintiff had the Residual Functional Capacity ["RFC"] to occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds, and sit, stand or walk six hours in an eight-hour day. It was also his finding that plaintiff could occasionally climb, stoop, kneel, crouch or crawl, and that he should avoid moderate exposure to extreme cold temperatures and pulmonary irritants. He indicated that he considered the fact that "no doctor has stated or implied that [he] is disabled or seriously or totally incapacitated. In fact, no specific work-related limitations, which are more restrictive than those established in this decision, have been placed on the claimant by any doctor." [Tr. 18]. The ALJ also stated that the record indicated that plaintiff's breathing problems had significantly improved with treatment. Regarding his back pain, he observed that physical examinations did not reveal any significant abnormalities, and that there was no indication that he received any treatment for approximately two years before the hearing.

Plaintiff contends that the ALJ's decision should be reversed because the RFC was not

5

based upon substantial evidence in the record. He also submits that the ALJ is required to specifically address complaints of pain, and that he failed to cite <u>Polaski</u> or the <u>Polaski</u> factors. He argues that the ALJ cited no medical evidence that plaintiff's breathing problems had improved, and that the record indicates that he has consistently been diagnosed with chronic pulmonary obstructive disease ["COPD"]. Plaintiff contends that there is medical evidence to support his complaints of chronic back pain, including x-rays showing degenerative changes to the lumbar spine, disc space narrowing with discogenic disease and probable transitional vertebra, osteoarthritis with some degenerative changes, and the fact that he was prescribed a TENS unit for pain. He also asserts that although the ALJ stated that his "appearance at the hearing did not add to the weight of the allegations of disability," [Tr. 19], he did not explain how his appearance detracted from his credibility.

Regarding the ALJ's credibility determination, it is defendant's position that the ALJ's consideration of the subjective aspects of plaintiff's complaints complied with the agency's regulations, 20 C.F.R. §§ 404.1529 and 416.929, and with the framework set forth in <u>Polaski</u>.

In evaluating a claimant's allegations, the ALJ must consider, in addition to the medical evidence, the <u>Polaski</u> factors. These include prior work history, daily activities, duration and intensity of pain, effectiveness and side effects of medication, aggravating factors, and functional restrictions. <u>Bowman v. Barnhart,</u> 310 F.3d 1080, 1083 (8th Cir. 2002). The Eighth Circuit does not require that the ALJ cite specifically to <u>Polaski</u>. <u>Holley v. Massanari</u>, 253 F.3d 1088, 1092 (8th Cir. 2001). Rather, where the ALJ has cited to the proper regulations and correctly listed the factors that could be considered in assessing the credibility of the plaintiff's subjective complaints, the failure to cite to <u>Polaski</u> was not deemed to be error. <u>Id</u>. at 1092. As long as the

ALJ examines the Polaski factors and cites inconsistencies between plaintiff's subjective complaints and the record as a whole, the ALJ's credibility determination is entitled to deference. Goff v. Barnhart, 421 F.3d 785, 791-92 (8th Cir. 2005).

Regarding the ALJ's credibility determination, while the ALJ did not specifically cite to Polaski, he did review the factors set forth in that case and specifically cited to the applicable regulation. 20 C.F.R. § 404.1529, How we evaluate symptoms, including pain. This regulation encompass the factors enunciated in Polaski, including medical evidence, medical history, diagnosis, prescribed treatment, daily activities, efforts to work, and any other evidence showing how any impairments and related symptoms affect a claimant's ability to work. It requires that the ALJ consider all of the claimant's statements about symptoms, such as pain, and any description from the claimant and treating or nontreating sources, or other persons, regarding how the symptoms affect a claimant's activities of daily living and ability to work.

Unlike Holley, the ALJ in this case did not specifically list the Polaski factors. He did, however, follow the applicable regulation and considered the Polaski factors, assessing plaintiff's credibility based on the record as a whole. The ALJ reviewed the medical evidence of record, including records regarding lung problems, x-rays regarding his back problems, the side effects of medication, plaintiff's daily activities, and plaintiff's testimony at the hearing. He observed that according to the record of Dr. Lennard, M.D., who examined plaintiff for disability, while plaintiff had decreased range of motion in his spine, the remainder of his examination was normal, including motor strength testing, sitting and supine straight leg raising testing, and signs of atrophy. The doctor also noted that he ambulated satisfactorily, did not use an assistive device, and did not have a limp. [Tr. 267]. Records from the Veterans

7

Administration and other medical records are consistent with these findings. The ALJ concluded that physical examinations have not revealed significant abnormalities to support the alleged level of back pain; that plaintiff's breathing problems improved with treatment for pneumonia in 2004; that there is no indication that he was sought regular medical treatment since 2005 for his lung disease; that he has continued to smoke one-half pack of cigarettes a day; and that his testimony at the hearing indicated that he lead a "fairly self sufficient lifestyle, preparing his own meals, doing his own grocery shopping and laundry, and doing the yard work." [Tr. 19]. The ALJ also considered the fact that plaintiff takes several prescribed medications, but found that this, in and of itself, does not establish a disability, noting, additionally, that plaintiff reported no side effects from medication.

Based on the foregoing, it cannot be said that the ALJ ignored the factors set forth in Polaski for evaluating a plaintiff's credibility. He evaluated plaintiff's daily activities, his back pain and breathing problems, his medication, and his treatment. He found that plaintiff had severe impairments in the form of arthritis and COPD, but that these did not exist at a disabling level. Clearly, the failure to quit or cut back on smoking, which plaintiff's doctors advised him to do, as well as a lack of regular medical treatment over a period of time, is inconsistent with a disabling lung impairment. Further, according to plaintiff's own testimony, his daily activities were not severely limited by either condition. He testified that he only used a heating pad for his back pain a few times a week; further, he could shop, cook, clean, and do yard work. Based on the record as a whole, because the Court finds that the ALJ's credibility determination was sufficient, it is also the finding of the Court that the credibility determination is entitled to deference and should be affirmed.

Specifically regarding the RFC finding, an ALJ must determine the RFC, based on the medical evidence regarding the claimant's ability to function in the workplace. Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" Id. at 807 (quoting Krogmeier v. Barnhart, 294 F.3d 1019 (8th Cir. 2002). The plaintiff has the burden of producing documents to support his claimed RFC. Cox v. Apfel, 160 F.3d 1203, 1206 (8th Cir. 1998)). The ALJ, however, has the primary responsibility for making the RFC determination, and the Court is required to affirm that determination if it is supported by substantial evidence in the record as a whole. McKinney v. Apfel, 228 F.3d 860, 862 (8th Cir. 2000).

Plaintiff contends that the RFC determination is flawed because the ALJ did not specifically analyze plaintiff's complaints of pain, that the ALJ erroneously concluded that plaintiff's breathing problems had improved; and that he erred in concluding that the physical examinations did not show significant abnormalities. The Court, for the reasons stated herein, finds that the ALJ properly considered plaintiff's complaints of pain. Additionally, the fact that plaintiff received no treatment beyond medication and a TENS unit belies his complaints of disabling physical pain, and indicates that his back problems are not as severe as alleged. By the same token, his failure to stop smoking and minimal treatment for COPD also undercuts his claim of a disabling breathing problem. There is substantial evidence, therefore, supporting the ALJ's RFC determination.

Based on the record before it, the Court finds that the ALJ's decision is supported by substantial evidence in the record. Dukes v. Barnhart, 436 F.3d 923, 928 (8th Cir. 2006). The

ALJ's findings that plaintiff was not disabled and could perform a limited range of light work is supported by the record as a whole. Accordingly, the decision of the Secretary should be affirmed.

It is hereby

ORDERED that the decision of the Secretary should be, and it is hereby, affirmed.

/s/ James C. England

JAMES C. ENGLAND
United States Magistrate Judge

Date: 2/22/10